1912.) In the matter of Henry M. Heymann. No opinion. Reference ordered to official referee. Settle order on notice.

———

HOFFMAN, Appellant, v. MURRAY, Respondent. (Supreme Court, Appellate Division, First Department. April 12, 1912.) Action by George Hoffman against John L. Murray. L. Fassler, for appellant. N. Heinsheimer, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

———

In re HOLYWELL. (Supreme Court, Appellate Division, Second Department. March 29, 1912.) In the matter of Effingham L. Holywell, an attorney. No opinion. Motion granted. Eugene Lamb Richards, Jr., appointed referee, and Conrad S. Keyes appointed as attorney to prosecute. See, also, 145 App. Div. 942, 130 N. Y. Supp. 1115.

———

HORAN, Respondent, v. PORTER, Appellant. (Supreme Court, Appellate Division, Fourth Department. March 20, 1912.) In the matter of the application of John Horan for a writ of mandamus against Clyde E. Porter, as Town Clerk of the Town of Ridgeway, Orleans county, N. Y. No opinion. Appeal dismissed, without costs, upon the ground that the final order has been complied with and the election held.

———

HORTON, Appellant, v. STEVER, Respondent. (Supreme Court, Appellate Division, Second Department. April 4, 1912.) Action by Eugene Horton against Daniel D. Stever. No opinion. Order affirmed, with $10 costs and disbursements.

———

HUGHES, Appellant. v. SHEFFIELD FARMS–SLAWSON–DECKER CO., Respondent. (Supreme Court, Appellate Division, First Department. March 22, 1912.) Action by Ellen Hughes, as administratrix, etc., against the Sheffield Farms-Slawson-Decker Company. C. J. Earley, for appellant. G. W. Alger, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

———

HULBERT, Appellant, v. VILLAGE OF EAST SYRACUSE, Respondent. (Supreme Court, Appellate Division, Fourth Department. March 20, 1912.) Action by Almira D. Hulbert against the Village of East Syracuse. No opinion. Judgment affirmed, with costs.

———

HURLEY, Respondent, v. HODGES, Appellant. (Supreme Court, Appellate Division, Fourth Department. March 27, 1912.) Action by Isaac Hurley against Isaac K. Hodges.

PER CURIAM. Judgment and order reversed, and new trial granted, with costs to appellant to abide event. Held, that the finding of the jury that the defendant agreed to pay $25 per acre as commission for the sale of his farm is contrary to and against the weight of the evidence.

FOOTE, J., not sitting.

———

HURLEY, Appellant, v. WARDELL, Respondent. (Supreme Court, Appellate Division, Second Department. March 29, 1912.) Action by Robert J. Hurley against Winant B. Wardell. No opinion. Judgment unanimously affirmed, with costs.

———

HURLEY, Appellant, v. WARDELL, Respondent. (Supreme Court, Appellate Division, Second Department. March 29, 1912.) Action by Robert Hurley, an infant, by Robert J. Hurley, his guardian ad litem, against Winant B. Wardell. No opinion. Judgment unanimously affirmed, with costs.

———

HYLAND, Respondent, v. MARK, Appellant. (Supreme Court, Appellate Division, Fourth Department. March 6, 1912.) Action by John Hyland against Josephine Mark.

PER CURIAM. Judgment and order affirmed, with costs.

FOOTE, J., not sitting.

———

IMPERIAL GARAGE v. RYTTENBERG et al. (Supreme Court, Appellate Division, First Department. March 22, 1912.) Appeal from Trial Term, New York County. Action by the Imperial Garage against Clarkson P. Ryttenberg and others. From judgment entered upon a verdict for plaintiff, defendants appeal. Reversed, and new trial ordered, unless plaintiff stipulates to reduce the judgment, in which event judgment, as reduced, to be affirmed. R. M. Cohen, for appellant Ryttenberg. Stetson, Jennings & Russell, for appellant Matheson Automobile Co. Walter C. Low, for respondent.

PER CURIAM. We think there was a question to be submitted to the jury as to whether the plaintiff was not responsible for the damages caused by the cracked cylinder, and it was therefore error to dismiss the counterclaim to that extent. The judgment and order will therefore be reversed, and a new trial ordered, with costs to appellants to abide event, unless plaintiff stipulates to reduce the judgment as entered to the sum of $501.09, in which event the judgment, as so reduced, and the order appealed from, will be affirmed, without costs.

———

JACKSON BROS. REALTY CO., Respondent, v. PHILLIPS, Appellant. (Supreme Court, Appellate Division, Second Department. April 12, 1912.) Action brought by the Jackson Bros. Realty Company against R. Oliver Phillips. No opinion. Judgment affirmed, with costs. See, also, 147 App. Div. 913, 132 N. Y. Supp. 1133.

———

JAHSS, Respondent, v. C. S. LAMBIE CO., Appellant. (Supreme Court, Appellate Divi-